IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHERINE HAN-NOGGLE, *as daughter
and Next of Kin to Mary Y.C. Han, deceased, and*
ELIZABETH WALLBRO, *as Personal Representative
of the Estate of Mary Y.C. Han*,

    Plaintiffs,

v.                                                                                         CIV No. 13-894 CG/GBW

CITY OF ALBUQUERQUE, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants' Motion to Stay Discovery (*doc. 47*), Defendants' Motion for Protective Order (*doc. 36*), Plaintiffs' Motion to Compel (*doc. 57*), and Defendants' Motion for Hearing (*doc. 60*). The Court, having reviewed Defendants' Motion to Stay and Plaintiffs' Response (*doc. 61*), and being otherwise fully advised, will GRANT the motion. The Court will DENY the remaining motions as moot.

**I.   BACKGROUND**

In 2013, Plaintiffs filed a Verified Second Amended Complaint in state court, alleging state tort claims and civil rights violations against Defendants relating to the allegedly improper investigation of the death of Mary Y.C. Han. *Doc. 1*, Ex. A. Defendants removed this case to federal court on September 17, 2013, pursuant to 28 U.S.C. § 1331. *Doc. 1*.

On January 30, 2014, Plaintiffs filed a Motion to Amend Complaint (*doc. 32*), which Defendants opposed as futile (*doc. 35*).  Defendants argued that Plaintiff's proposed Third Amended Complaint failed to state a claim on which relief could be granted and would therefore be subject to dismissal.  *Doc. 35*.  On March 11, 2014, while Plaintiff's Motion to Amend was still pending, Defendants filed a Motion to Dismiss Civil Rights Claims Against Individual Defendants in [Plaintiff's] Verified Second Amended Complaint on the Basis of Qualified Immunity.  *Doc. 46*.  The same day, Defendants filed the instant Motion to Stay Discovery.  *Doc. 47.*

The Court ultimately granted Plaintiffs' Motion to Amend and ordered Defendants to amend their Motion to Dismiss to address Plaintiff's Verified Third Amended Complaint.  *Doc. 56*.  On March 24, 2014, Defendants filed an Amended Motion to Dismiss Counts I–V of Plaintiff's Verified Third Amended Complaint against the individual defendants on the basis of qualified immunity (*doc. 58*), as well as a Motion to Dismiss Count VI (*doc. 59*).  In Plaintiffs' Response to the Motion to Stay, they appear to argue that the amended Motion to Dismiss moots the former Motion to Dismiss, and, because the Motion to Stay relies on the mooted Motion, the Court cannot rule on it.   *Doc. 61.*

The parties have also filed several motions related to discovery.  Defendants filed a Motion for Protective Order on February 20, 2014, requesting that the Court stay any depositions in the case until the Court had ruled on Plaintiff's Motion to Amend.  *Doc. 36*.  On March 20, 2014, after Defendants had filed their Motion to Stay, Plaintiffs filed a

Motion to Compel Defendants to respond to certain of their discovery requests. *Doc. 57*. On March 24, 2014, Defendants moved for a hearing on Plaintiffs' Motion to Compel "as soon as possible." *Doc. 60* at 1. Defendants informed the Court that, prior to Plaintiffs filing their Motion to Compel, Defendants had suggested that the parties schedule an emergency hearing with the Court to resolve these matters informally. *Doc. 60* at 3.

## II.  STANDARD OF REVIEW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery.

*Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). Finally, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III. ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay is appropriate. The individual defendants have raised a qualified immunity defense, and the Court concludes that it should follow the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.

Plaintiffs argue that the Court should deny Defendants' Motion to Stay as moot because it relies on a moot Motion to Dismiss (*doc. 46*), and "Defendants did not submit another Motion to Stay nor amend the motion at bar." *Doc. 61* at 2. The Court is unpersuaded. Defendants continue to assert the defense of qualified immunity in their Amended Motions to Dismiss, and Plaintiffs provide no other reason to believe that Defendants' arguments in favor of a stay have ceased to be relevant. The Court therefore declines to find that Defendants' Motion to Stay is moot.

4

Plaintiffs further contend that "Defendants have actively prevented Plaintiffs from obtaining discovery and taking the depositions of the named defendants." *Doc. 61* at 4. To the extent that Plaintiffs are claiming that they would be prejudiced by a stay of discovery, the Court finds this argument unavailing. As an initial matter, a stay of discovery would not disadvantage Plaintiffs in responding to Defendants' motions to dismiss, because motions under Rule 12(b)(6) only test the legal sufficiency of the allegations within the complaint. A court does not weigh evidence, but merely determines "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Frey v. AT&T Mobility, LLC,* 279 F. App'x 727, 728 (10th Cir. 2010) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Thus, any evidence that Plaintiffs would have obtained during discovery would not impact their ability to respond to Defendants' motions to dismiss. Additionally, while it is true that staying discovery pending a ruling from the presiding judge on Defendants' motions to dismiss will delay the case somewhat, it is appropriate here because it best serves the underlying purpose of qualified immunity to protect officials "not only from liability, but also 'from the ordinary burdens of litigation, including far-ranging discovery.'" *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (quoting *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992)).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery, *doc. 47*, is GRANTED, and all discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' motions to dismiss (*docs. 58, 59*).

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order (*doc. 36*), Plaintiffs' Motion to Compel (*doc. 57*), and Defendants' Motion for Hearing (*doc. 60*) are DENIED AS MOOT. Should the issues in the parties' discovery motions continue to be relevant after the Court has ruled on Defendants' motions to dismiss, the parties may file new discovery motions at that time.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE