**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KATHERINE HAN-NOGGLE, as daughter
and Next of Kin to MARY Y.C. HAN,
Deceased, and ELIZABETH WALLBRO,
as Personal Representative of the
Estate of MARY Y.C. HAN,

       Plaintiffs,

v.                                                                            CV 13-894 CG/GBW

CITY OF ALBUQUERQUE; DAREEN WHITE, in his
individual and official capacity as Public Safety Director
for the City of Albuquerque; ROBERT PERRY, in his
individual capacity and office capacity as the City
Attorney; CHIEF RAYMOND D. SCHULTZ, in his
individual and official capacity as the Chief of Police
of the Albuquerque Police Department for municipal and
supervisory claims; DEPUTY CHIEF PAUL FEIST,
DEPUTY CHIEF ELIZABETH PAIZ, DEPUTY CHIEF
ALLEN BANKS, in their individual and official capacities
as supervisors and trainers within the Albuquerque Police
Department; MARC ADAMS, in his individual and official
capacity as manager, investigator, and trainer of the
Albuquerque Police Department Crime Lab; FIELD
INVESTIGATOR MICHAEL MUNIZ, in his individual
and official capacity; OFFICER TRICIA K. HOFFMAN, in her
individual and official capacity; and TODD J. WILHAM,
Albuquerque Police Department Public Information Officer
in his individual and official capacity; and JOHN DOES 1-2,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion for Attorney's*

*Fees and Costs under 42 U.S.C. § 1988 as Prevailing Party on Federal Civil Rights*

*Claims on Basis of Qualified Immunity* (the "Motion"), (Doc. 76), filed September 4,

2014; *Plaintiffs' Response in Opposition to Defendants' Motion for Attorney Fees and*

*Costs Under 42 U.S.C. § 1988 [Doc. 76]* (the "Response"), (Doc. 81), filed September 18, 2014; *Defendants' Reply In Support of Motion for Attorney's Fees and Costs* (the "Reply"), (Doc. 88), filed November 17, 2014; along with *Plaintiffs' Brief Regarding Prevailing Party Under Civil Rights Statutes*, (Doc. 96), filed January 20, 2015, and *Defendants' Supplemental Briefing on Motion for Attorney's Fees and Costs*, (Doc. 97), filed January 20, 2015, (both "Supplemental Briefing"). The Court has reviewed the parties' briefs and relevant law. Because the Court does not believe all of Plaintiffs' claims were "frivolous" for the purposes of awarding attorney's fees to a prevailing defendant under 42 U.S.C. § 1988(b), Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

## I.     Procedural Background

Plaintiffs' claims arose from the investigation into Mary Y.C. Han's death. Ms. Han was the mother of Plaintiff Katherine Han-Noggle and the sister of Plaintiff Elizabeth Wallbro, who is also the personal representative of the Estate of Mary Y.C. Han. (Doc. 53 at 2). In their *Verified Third Amended Complaint for Violations of Civil Rights and Supplemental Claims Under State Law* ("Complaint"), (*id.*), Plaintiffs allege that Defendants, acting under color of law, violated their constitutional rights.  Plaintiffs brought their claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The Complaint also included a state law claim, brought pursuant to the New Mexico Tort Claims Act, for negligent supervision and/or negligent investigation causing violation of property rights.

Plaintiffs filed this cause of action in state court, but Defendants removed the action to this Court on September 17, 2013. (Doc. 1). After Plaintiffs were granted leave

to file their third amended complaint, Defendants moved to dismiss the civil rights claims on the basis of qualified immunity.  (*See generally* Doc. 58).

In its twenty two-page *Memorandum Opinion and Order*, (Doc. 71), this Court granted *Defendants' Amended Motion to Dismiss I: Motion to Dismiss Civil Rights Claims Against Individual Defendants in Verified Third Amended Complaint (Counts I to V) on the Basis of Qualified Immunity* ("Motion to Dismiss"), (Doc. 58), dismissing Plaintiffs' federal claims for failure to state a claim, and remanding their claim under state law. (Doc. 71 at 21-22).

Defendants now move this Court, pursuant to FED.R.CIV.P. 54(d) and 42 U.S.C. § 1988, for attorney's fees and costs as the prevailing party on their Motion to Dismiss. Defendants seek an award of fees and costs related to defending against Counts I through V, Plaintiffs' federal civil rights claims, arguing that the claims were "frivolous, unreasonable or without foundation." (Doc. 76 at 10). Defendants emphasize that Plaintiffs failed to allege sufficient facts to survive the Motion to Dismiss, and that the claims were dismissed on pure issues of law. (Docs. 88 at 7, 97 at 5,6). Defendants attach the *Affidavit of Stephen G. French*, (Doc. 76-1), as a record of the time spent defending against Plaintiffs' claims.

Plaintiffs respond that they initiated these proceedings because of inexplicable conduct surrounding the investigation into Ms. Han's death, and ultimately the claims were dismissed because the factual allegations were insufficient to survive the Motion to Dismiss. (Doc. 81 at 7-8). Plaintiffs contend that the fact that the claims were dismissed for failure to state a claim does not rise to the level of frivolousness required to award

attorney's fees to a prevailing defendant.[1] (*Id*). Plaintiffs also argue that Defendants'
claims for attorney's fees are unreasonable because they billed hours for duplicative
and unnecessary work. (Doc. 81 at 15-20).

## II.    Analysis

### A.  *Standard for Awarding Attorney's Fees to a Prevailing Defendant*

In an action under 42 U.S.C. §§ 1983 and 1985, "the court, in its discretion, may
allow the prevailing party . . . a reasonable attorney's fee as part of its costs." 42 U.S.C.
§ 1988(b). Where "the defendant is the prevailing party, the plaintiff should not be
obligated to pay fees 'unless a court finds that his claim was frivolous, unreasonable, or
groundless.'" *Chavez v. Bennett Propp*, 216 F.3d 1086, *2 (10th Cir. 2000) (citing
*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). In determining
whether a plaintiff's claim was frivolous, unreasonable, or groundless, "it is important
that a district court resist the understandable temptation to engage in *post hoc*
reasoning by concluding that, because a plaintiff did not ultimately prevail, his action
must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 422-
23. Thus, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient
justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).
Indeed, "rarely will a case be sufficiently frivolous to justify imposing attorney fees on

---

[1] Plaintiffs also argue that, because Defendants' Motion to Dismiss did not indicate that Defendants
intended to move for attorney fees and costs, Defendants failed to provide adequate notice that they
would seek attorney's fees prior to appeal. (Doc. 81 at 10-12). Under D.N.M.LR-Civ 54.5, a prevailing
party is only required to file and serve a motion for attorney's fees within thirty days after entry of
judgment. This Court entered judgment on August 5, 2014, and Defendants filed their Motion thirty days
later on September 4, 2014. Therefore, the Motion is timely. However, the Court is concerned that
Defendants did not state whether their Motion was opposed, as required by D.N.M.LR-Civ 7.1(a), and
merely left a phone message for Plaintiffs asking for a return call on the eve of the deadline. Because
Plaintiffs do not claim prejudice, (*see* Doc. 81 at 2), the Court notes, without deciding, that it is unclear
whether Defendants complied with D.N.M.LR-Civ 7.1(a) in filing this Motion.

the plaintiff." *Mitchell v. City of Moore, Okl.*, 218 F.3d 1190, 1203 (10th Cir. 2000)
(internal citations omitted).

"There is no simple solution for the difficult task of determining whether a
dismissed claim is frivolous." *Wimberley v. City of Clovis*, CV No. 03-871 JB/KBM, *11
(D.N.M. filed Dec. 2, 2004). Courts have approached this task by examining the case
law relied upon to dismiss the claims and the factual allegations supporting his claims,
to determine whether it would have been unreasonable to bring the claims in the first
place. *Id.*; *Wagner v. Town of Gilcrest*, 125 F.3d 864, *2-3 (10th Cir. 1997); *Clajon Prod.
Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995). Where claims have been
completely precluded by precedent, or suffer from a fundamental lack of evidentiary
support, Courts have found those claims to be frivolous, unreasonable, or without
foundation. *Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1478-79
(10th Cir. 1990); *Thorpe v. Ancell*, No. 06-1404, 367 Fed. Appx. 914, 923-24 (10th Cir.
Feb. 26, 2010) (unpublished). On the other hand, arguments that are not strong or well-
supported, or even likely to fail, are not necessarily found to be frivolous or
unreasonable.  *Wimberley*, CV No. 03-871 JB/KBM at *12; *Zamora v. City of Belen*, CV
No. 03-743 JB/RLP, *8-9 (D.N.M. flied March 31, 2006); *Wagner v. Town of Gilcrest*,
125 F.3d 864, *3 (10th Cir. 1997); *Clajon Prod. Corp.*, 70 F.3d at 1581.

A prevailing defendant may be awarded fees even where some of the plaintiff's
claims were found to be frivolous, and some were not. *Fox v. Vice*, 131 S.Ct. 2205,
2214 (2011). A plaintiff must pay for fees that his frivolous claims imposed, but a
defendant is not entitled to any fees arising out of non-frivolous charges. *Id.* Therefore,

"Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." *Id.* at 2215.

### B. *Plaintiffs' Claims*

In this case, the Court dismissed Plaintiffs' federal civil rights claims for failure to state a claim under FED.R.CIV.P. 12(b)(6). Defendants stress that Plaintiffs' claims were dismissed on pure issues of law, and that Plaintiffs did not, and in some instances could not, allege sufficient facts to properly plead the elements of their claims. However, while the Court found that Plaintiffs' claims were insufficient to survive Defendants' Motion to Dismiss, it does not necessarily follow that the Court found Plaintiffs' claims to be frivolous, unreasonable, or groundless. *See Hughes*, 449 U.S. at 15-16 ("Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of [the Court]. . .[and] are not, for that reason alone, 'groundless' or 'without foundation.'"); *See also Greater Callecita Neighborhood Assoc. v. Hyde Park Co., LLC*, CV No. 99-837 JP/WWD, *2 (D.N.M. filed Nov. 13, 2000) (explaining that the court's finding that plaintiff's claim was inadequate to withstand a 12(b)(6) motion to dismiss was not the equivalent of a finding that the cause of action was entirely without foundation), *aff'd*, Nos. 00-2398, 00-2507, 15 Fed. Appx. 761, 762 (10th Cir. Aug. 8, 2001) (unpublished). In order to make this determination, the Court must look to the merits of the underlying claims, considering relevant case law and the facts alleged. *See Crabtree*, 904 F.2d at 1477-78; *Thompson v. Limke*, 113 F.3d 1247, *1 (10th Cir. 1997).

In its *Memorandum Opinion and Order* the Court first addressed Plaintiffs' claims against ten individual Defendants in their individual and official capacities. The Court

dismissed the claims against the individual Defendants in their official capacities as duplicative, since the City of Albuquerque, the government entity of which all individual Defendants are agents, had received notice and an opportunity to respond to the lawsuit. (Doc. 71 at 8).  Because this finding was based on clear precedent from the United States Supreme Court in *Kentucky v. Graham*, 473, U.S. 159, 165-66 (1985), the claims against the individual Defendants in their official capacity were "frivolous."

The Court then addressed Count I. In Count I, Plaintiffs asserted violations of substantive and procedural due process pursuant to Section 1983 against all Defendants. The Court construed this claim as being brought by Plaintiff Han-Noggle against all Defendants for violation of her constitutional right to an investigation into Ms. Han's death. (Doc. 71 at 9). Based on clear precedent stating there is no federal due process right to a police investigation or to know the cause of a family member's death, the Court dismissed this claim with prejudice. The Court construed Plaintiff Wallbro's claim as being brought on behalf of Ms. Han for violation of her constitutional right to an investigation of her death. The Court also dismissed this claim with prejudice, because under Tenth Circuit precedent an individual's civil rights cannot be violated after that person has died. (Doc. 71 at 10). Since both Plaintiffs' claims in Count I were precluded by clear precedent that there is no constitutional right to a police investigation, and that a person's constitutional rights cannot be violated after she has died, the Court finds that Count I was also "frivolous."

As for Counts II, III, IV, and V, Plaintiffs brought claims against Defendants for conspiring to deny Plaintiffs access to the courts under Section 1983, conspiring to deny Plaintiffs equal protection under the law in violation of Section 1985(2), acting to prevent

Plaintiffs, the Office of the Medical Investigator, or any other agency from fully investigating Ms. Han's death in violation of Section 1985(1), and against Defendant Schultz for supervisory liability under Section 1985(3), respectively. The Court dismissed each of these counts without prejudice for failure to state a claim because Plaintiffs failed to allege sufficient facts to withstand the Motion to Dismiss. (Doc. 71 at 15, 17, 20). Again, this fact alone does not necessarily mean that the claims were frivolous. *Hughes*, 449 U.S. at 15-16.

Plaintiffs' case was based on the theory that Defendants failed to properly investigate Ms. Han's death, and that because of Defendants' conduct, Plaintiffs were unable to obtain information concerning her death and its investigation. (*See* Docs. 71 at 13, 81 at 2). From the factual allegations in the Complaint, the Court could deduce as much. (Doc. 71 at 13). Because of this, the Court does not interpret Plaintiffs' failure to allege specific facts indicating their constitutional rights had been violated as a fundamental lack of evidentiary support. As the Court acknowledged, the allegations in the Complaint support an inference that Defendants failed to properly investigate Ms. Han's death, and Plaintiffs brought this suit in order to obtain information they were unable to access otherwise. *Cf. Thorpe v. Ancell*, No. 06-1404, 367 Fed. Appx. 914, 923-24 (10th Cir. Feb. 26, 2010) (unpublished) (awarding fees to defendants where plaintiffs' claims had no evidentiary support, the statute of limitations had run on several claims, and it seemed that plaintiffs relied on speculation to support their own view of events rather than seeking the facts); *Thompson*, 113 F.3d at *1 (affirming that action was frivolous when lawsuit was "baseless from the outset."). Plaintiffs were unable to proceed with discovery, as it was stayed pending Defendants' Motion to Dismiss based

on qualified immunity. (*See* Doc. 62). As a result, while Plaintiffs were unable to sufficiently plead their claims, the Court declines to find that they were frivolous or completely without foundation.

Moreover, these claims can be distinguished from the rare cases in which attorney's fees have been awarded to prevailing defendants. Indeed, the Tenth Circuit has noted that *Crabtree* itself "underscores the rare circumstances in which a suit is truly frivolous so as to warrant an award of attorneys' fees to the defendant." *Clajon Prod. Corp.*, 70 F.3d at 1581. In *Crabtree*, "the plaintiffs sued a judge despite the protection of absolute immunity and based on a property interest which both a state court and federal bankruptcy court had determined did not exist." *Id.* (citing *Crabtree*, 904 F.2d at 1477-78). Similarly, other cases in which defendants have been awarded attorney's fees have also emphasized failed, often repeated, attempts to obtain relief in state court. *See Chavez*, 216 F.3d at *2; *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, No. 12-4158, 576 Fed. Appx. 759, 765 (10th Cir. Aug. 13, 2014) (unpublished).

Those facts are not present here, and the Court cannot say that "no reasonable attorney" would bring suit based on the facts alleged. *Crabtree*, 904 F.2d at 1479; *Greater Callecita Neighborhood Assoc.*, CV No. 99-837 JP/WWD, at *3. While lacking sufficient factual allegations to survive the Motion to Dismiss, the Court acknowledged Plaintiffs' dilemma and, on the basis of the record, the existence of these claims does not seem "preposterous." *Crabtree*, 904 F.2d at 1478. Indeed, unlike Count I, where Plaintiffs' alleged that Defendants' had violated constitutional rights that did not exist under Tenth Circuit case law, these claims were not precluded by precedent. Rather, Plaintiffs' pleadings of Counts II, III, IV, and V lacked factual specificity. In these

circumstances, the Court finds that it would be inappropriate to punish Plaintiffs for bringing suit.

   C. _Reasonable Fees_

   After a claimant has established that he is prevailing party under Section 1988(b), he must then prove that his request for fees is reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1280-81 (10th Cir. 1998) (internal citations omitted).  The Court has discretion to determine whether an amount requested is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *cited in Salguero v. City of Clovis*, CV No. 02-319 WJ/LCS, *3 (D.N.M. filed June 20, 2003). To begin, the Court may consider the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate, or the "lodestar amount." *Hensley*, 461 U.S. at 433; *Robinson*, 160 F.3d at 1281. The Court may either accept this amount, or depart from it, depending on the circumstances of the case and other equitable considerations. *Salguero*, CV No. 02-319 WJ/LCS, at *3 (citing *Hensley*, 461 U.S. at 436-37).

   There is no precise rule or formula for determining whether the fee amount requested is reasonable. *Hensley*, 461 U.S. at 436-37. Indeed, "a general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (internal citations omitted). For example, "the court should consider . . . the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). In addition, the court may also examine the potential duplication of services. *Id.* (internal quotations omitted)

(noting that if three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time).

Here, as stated above, Defendants have established that they are the prevailing party under Section 1988(b) as to Plaintiffs' claims against the individual defendants in their official capacity and Count I of the Complaint. Thus, the Court may award reasonable attorney's fees for all work that would not have been performed but for those frivolous claims. *See Fox*, 131 S.Ct. at 2215. Plaintiffs should not bear expenses Defendants would have incurred anyway to defend against the non-frivolous claims. *Id*. Because Plaintiffs' claims against the individual Defendants in their official capacities were dismissed as duplicative of the claims against the City of Albuquerque, (Doc. 71 at 8), Defendants did not incur significant additional expenses defending against those particular claims. Accordingly, Defendants should only be awarded reasonable attorney's fees for work performed defending against Count I.

With their Motion, Defendants submitted their *Affidavit of Stephen G. French*, (Doc. 76-1), detailing the time spent and corresponding fees and costs charged by French & Associates, P.C. The Court finds that Defendants' requested hourly rate of $150.00 is reasonable, and therefore the only issue presented is the reasonableness of the hours expended. The Affidavit shows that Defendants incurred $62,593.93 in fees in defense of Plaintiffs' federal civil rights claims. This amount reflects work performed on Counts I through V of the Complaint, and must be reduced to reflect the fees connected with Count I.

In reducing the fee amount, the Court makes the following considerations. First, Count I is one of five federal civil right claims in the Complaint. As a result, the fee

award should be significantly reduced to a reasonable amount expended in working on the legal issues associated with Count I. *Zamora*, CV No. 03-743 JB/RLP, at *10 (awarding fees only for time spend dealing with legal issues of frivolous claim, not the factual issues). As a starting point, this cuts the total billed time by at least one fifth.

Second, upon review of the entire affidavit, the Court notes instances of overbilling and duplicative work. For example, Defendants billed hours for two attorneys to attend a two-hour Rule 16 Scheduling Conference before Magistrate Judge Lorenzo F. Garcia. (Doc. 76-1 at 25). The Court is not convinced that the presence of more than one attorney was necessary at the Rule 16 hearing. In addition, the clerk's minutes of the hearing reflect that it lasted one hour and thirty five minutes, not two hours. (*See* Doc. 21). Defendants also report spending over thirty hours preparing the joint status report and initial disclosures. (Doc. 76-1 at 22, 23, 24, 25). In light of the nature of this case, the Court finds this amount of time excessive.

Finally, the Court may also consider the economic disparity or financial condition of the parties in calculating a reasonable fee award. *See Chestand v. Med'l Technology & Research Authority*, Nos. 98-6464, 99-6016, 2000 WL 804609, *3 (10th Cir. 2000); *Gibbs v. Clements Food Co.*, 949 F.2d 344, 345 (10th Cir. 1991). While Plaintiffs have not provided affidavits or other statements of their financial condition, the Court does note that Plaintiffs and their families have already suffered great hardship as a result of Ms. Han's death and throughout the course of this litigation. At the meeting of the City Council on September 15, 2014, Councilor Garduno stated that he found the City's Motion seeking fees "egregious" given that the family has "suffered already." (Doc. 81-1at 2:21-22). Similarly, Councilor Gibson stated that it was "unconscionable" for the City

to pursue the Motion. (Doc. 81-1 at 4:22-23). The Court finds that this is an equitable consideration that should be taken into account. *Salguero*, CV No. 02-319 WJ/LCS, at *3 (citing *Hensley*, 461 U.S. at 436-37).

In consideration of the foregoing, the Court finds that $5,000.000 is a reasonable fee for expenses incurred for work that would not have been performed but for Plaintiffs' frivolous claims. Therefore, Defendants are awarded $5,000.00 in attorney's fees as the prevailing party in Count I under Section 1988(b).

### III.    Conclusion

For the reasons stated above, the Court finds that all claims against the individual Defendants in their official capacities and Count I of the Complaint were frivolous. Counts II, III, IV, and V, however, were not. Defendants are therefore awarded reasonable fees for all work that would not have been performed, but for the frivolous claims. *See Fox*, 131 S.Ct. at 2215. Upon review of the parties' briefs and the affidavit of Stephen G. French, the Court finds that a reasonable fee for work performed defending Count I of the Complaint is $5,000.00.

**IT IS THEREFORE ORDERED** that *Defendants' Motion for Attorney's Fees and Costs under 42 U.S.C. § 1988 as Prevailing Party on Federal Civil Rights Claims on Basis of Qualified Immunity*, (Doc. 76), be **GRANTED IN PART** and **DENIED IN PART**. Defendants are awarded $5,000.00 in attorney's fees.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE